IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Good Time Games, Inc., | ) | Civil Action No.: 7:05-2087-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| Joey Guyton, Bill Blanton and | ) | |
| SC Law Enforcement Division, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | | |
| Gay Guthrie, as Personal | ) | Civil Action No.: 7:05-2088-RBH |
| Representative of the Estate of | ) | |
| Timothy Scott Guthrie, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| Joey Guyton, Bill Blanton as Sheriff | ) | |
| Of Cherokee County, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court is Defendants' motions to consolidate which was filed on July 27, 2005. The defendants' motions seek an Order from this Court granting consolidation of the above-captioned cases pursuant to Fed.R.Civ.P. 42(a). The defendants indicate in the motions that both suits involve the same parties and they both involve the same questions of law and fact which arise from the same sequence of events. The defendants also state that substantially the same witnesses will testify in both cases. Therefore, the defendants argue that consolidation of these two cases would avoid unnecessary duplication of time, effort and expense by all parties.

The plaintiffs were given adequate time to respond to the motions, however, no response has been filed. Therefore, it is presumed there is no objection and for the reasons set forth in the

defendants' motions and for good cause shown the motions to consolidate are **GRANTED**.[1]  Pursuant to Fed.R.Civ.P. 42(a), **IT IS HEREBY ORDERED** that the above-captioned cases are consolidated.

    **AND IT IS SO ORDERED.**

s/ R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

January 11, 2006  
Florence, South Carolina

---

[1] The Court notes that Local Rule 7.08 (D.S.C.) provides that "[h]earings on motions may be ordered by the Court in its discretion.  Unless so ordered, motions may be determined without a hearing."